UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

CARL SWANSON,                      )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    C.A. No. 17-12308-PBS
                                   )
SOUTH BOSTON MUNICIPAL COURT,      )
et al.,                            )
                                   )
        Defendants.                )


                       **MEMORANDUM AND ORDER**

                         **November 29, 2017**

Saris, C.J.

   Plaintiff Carl Swanson has filed a complaint in which he asks this Court to review and adjudicate a matter that is presently pending in the South Boston Municipal Court. For the reasons set forth below, the Court dismisses this action.

**I.  Background**

   On November 22, 2017, Swanson filed in this Court a complaint against the South Boston Municipal Court ("SBMC"), a bailiff at the SBMC, the Honorable Michael C. Bolden, and the Supreme Judicial Court. Swanson brings this action under 42 U.S.C. § 1983, alleging violations of his Constitutional right to due process. He also alleges that, under state law, the defendants have violated his right to due process.

Accordingly to Swanson,[1] on November 17, 2017, Swanson's father went to the SBMC and requested an abuse prevention order against Swanson. This order requires, <u>inter alia</u>, that Swanson vacate the residence he shared with his father and mother. On November 21, 2017, Swanson filed motions for court assistance in locating municipal employees who had conducted a mental health examination on him just hours before his father sought the abuse prevention order. Judge Bolden denied these motions the same day. Immediately thereafter, Swanson filed another set of motions. Ten minutes after Swanson gave these papers to the bailiff, he was informed that Judge Bolden would consider all the papers at a hearing scheduled for December 1, 2017.

In the present action, Swanson argues that Judge Bolden's initial denial of his motions was "critical fundamental error," and the court's failure to immediately rule on the second set of motions Swanson filed violated his due process rights under state and federal law. <u>See</u> Compl. ¶¶ 4, 9. Swanson further asserts that his due process rights are violated because "Massachusetts law does not allow single justices to review abuse protection orders." <u>Id.</u> ¶ 13.

In his prayer for relief, Swanson states that, at this time, he is only asking this Court to order that he immediately

---

[1] For purposes of this Memorandum and Order, the Court, as it must, treats all of Swanson's well-pled factual allegations as true.

be allowed to return to his home. Although he opposes the protection order, Swanson represents that he is "willing to allow that aspect of it to be continued until further proceeding can be held." Id. ¶ 14a.

**II. DISCUSSION**

    **A.    Motion for Leave to Proceed in Forma Pauperis**

Upon review of Swanson's motion for leave to proceed in forma pauperis, the Court concludes that he is without income or assets to prepay the $400 filing fee. Accordingly, the motion is GRANTED.

    **B.    Review of the Complaint**

Because Swanson is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss in forma pauperis actions that are malicious, frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

Upon review of the complaint, the Court abstains from exercising jurisdiction over this action. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests

3

in the spirit of comity." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Under Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall, 604 F.3d at 664 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dept. of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process" Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state proceeding if it were to alter the terms of the abuse protection order, require the state court to issue for orders or subpoenas to locate witnesses, and provide other

4

relief with regards to the alleged due process violations that have occurred in the state court proceeding against Swanson. The Court has no reason to believe that the Swanson will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

**III. Conclusion**

Accordingly, this Court orders:

(1) the motion for leave to proceed in forma pauperis is GRANTED;

(2) this action is DISMISSED WITHOUT PREJUDICE for reasons of Younger abstention;

(3) all other pending motions are DENIED AS MOOT; and

(4) the Clerk shall send a copy of this order to the South Boston Municipal Court.

SO ORDERED.

                                    /s/ Patti B. Saris  
                                    PATTI B. SARIS  
                                    CHIEF, U.S. DISTRICT JUDGE